```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA                 :    S2 25cr41(DLC)
                                         :
             -v-                         :
                                         :
SAMUEL GONZALEZ CASTRO, EFERSON          :    MEMORANDUM OPINION
MORILLO-GOMEZ, JARWIN VALERO-CALDERON,   :        AND ORDER
BRAYAN OLIVEROS-CHERO, SANDRO            :
OLIVEROS-CHERO, ARMANDO JOSE PEREZ       :
GONZALEZ, KEIBER JAEN MARTINEZ, and      :
KEINEYER IBARRA-MUJICA,                  :
                                         :
                         Defendants.     :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On or shortly before December 4, 2025, counsel for four defendants charged in death-eligible counts in this Indictment filed ex parte reports regarding the status of their efforts to develop mitigation materials to be presented to the Government. Having reviewed those reports, the deadline for the submission of their mitigation reports to the Government remains **April 3, 2026.**

The relevant background for this determination is as follows. The first indictment in this case was filed on January 31, 2025, and a trial was scheduled to begin on November 3, 2025. The first superseding indictment in this case was filed on April 25, 2025 and, on April 29, trial was rescheduled to begin on January 26, 2026. Discovery was produced to the defendants in waves, with most of that discovery production

having been completed over the summer of 2025. On September 16, 2025, the second superseding indictment was unsealed, adding death-eligible counts for four defendants: Keiber Jaen Martinez, Samuel Gonzalez Castro, Eferson Morillo-Gomez, and Keineyer Ibarra-Mujica. Learned counsel with significant experience in representing defendants charged with death-eligible counts were promptly appointed for each of the four defendants. Their responsibilities include ensuring that a competent and timely mitigation investigation is performed for their clients.

An arraignment was held on October 15. The Government requested that the trial of the defendants facing death-eligible counts be scheduled to begin in April of 2026, with their mitigation submissions due on December 19. Defense counsel had advised the Government in September, however, that it would be seeking six months to submit its mitigation presentations. The Court noted, among other things, that a State Department Advisory warned against travel to Venezuela and that defense counsel would have to develop a strategy for getting access to information in Venezuela without traveling to Venezuela. The defendants and the Government were required to submit written proposals for the scheduling of the mitigation presentations and the trial of the four defendants.

In their joint letter of October 20, the defendants requested six months to file their mitigation submissions,

2

citing "present hostilities" between the United States and Venezuela and the Department of State Advisory.  The letter noted that it was virtually impossible to conduct a mitigation investigation in Venezuela, that defense counsel will need to retain Venezuelan nationals who can travel freely around the country, and that they will try to arrange for Venezuelan family members and friends to travel to a nearby country for a meeting with members of the defense team.

At an October 22 conference, the Court set April 3, 2026 as the deadline to file mitigation submissions.  In the event the Government decided not to seek the death penalty for any of the four defendants, the trial would begin on July 6, 2026.  Any death penalty trial would begin on September 21, 2026.

In setting the schedule for the mitigation submissions, the Court outlined several fundamental principles, including the statutory and Constitutional right of the public and the defendants to a Speedy Trial, the Government's right to time to fairly consider any mitigation evidence presented by the defendants, and the defendants' right to effective assistance by counsel, including in investigating and presenting mitigation evidence in a death penalty case.  Based on the defense submission and the ongoing hostilities between the United States and Venezuela, the Court assumed that neither defense counsel nor their representatives would be able to travel to Venezuela.

Instead, counsel would need to hire people already in Venezuela and take advantage of modern technology to obtain any mitigating evidence that exists in Venezuela.

At the time this schedule was set there was a government shutdown. And, because CJA funds had not been disbursed since early July of 2025 and Government funding more generally had been shut off since October 1, it could not be assumed that defense counsel were able to formally retain experts and other third-parties necessary for preparation of their mitigation presentations. Therefore, the Court ordered defense counsel to engage in the planning that would allow them to hit the ground running when funding resumed and to submit <u>ex parte</u> reports on the status of their mitigation efforts no later than three weeks after federal funding had been restored. That funding was restored on or about November 12, and the <u>ex parte</u> reports became due on December 4.

The Court has received all four reports. In the reports, defense counsel noted that it is "challenging," "unlikely," or "virtually impossible" for the mitigation investigations to be completed by the April 3 deadline, citing their inability to travel to Venezuela, the defendants' home country, to conduct interviews and gather mitigation evidence due to the military conflict with the United States. Three of the four reports

4

assert that a comprehensive investigation requires travel from the United States to Venezuela.

In describing the difficulties the defendants face, the reports rely on The Supplementary Guidelines for The Mitigation Function of Defense Teams in Death Penalty Cases ("The Guidelines"). The Guidelines state that "[t]eam members must conduct in-person, face-to-face, one-on-one interviews with the client, the client's family, and other witnesses who are familiar with the client's life, history, or family history or who would support a sentence less than death."

As observed on October 22, we face less than ideal circumstances. Defense counsel have identified no changes since October 22, however, that would justify an extension of the April 3 deadline. The State Department Advisory for Venezuela remains in place and there is no known date for the cessation of hostilities between the United States and Venezuela. The current deadlines were set in light of those challenges. Further, defense counsel do not suggest that they currently do not have full access to their clients, the Government's discovery materials, or any relevant mitigating information available in the United States.[1]

---

[1] The financial uncertainty that once existed in now over. While one report indicates that it is awaiting final approval of a budget, the Court approved that budget on the day it was received.

5

The Supreme Court has declared that "[t]he history of the right to a speedy trial and its reception in this country clearly establish that it is one of the most basic rights preserved by our Constitution." Klopfer v. North Carolina, 386 U.S. 213, 226 (1967). And it has explained that "investigations into mitigating evidence should comprise efforts to discover all reasonably available mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor." Wiggins v. Smith, 539 U.S. 510, 524 (2003) (citation omitted). Thus, an inability of defense counsel to conduct mitigation work in-person in Venezuela does not justify altering the deadline for the submission of the mitigation reports or delaying the defendants' trial sine die. Each of the learned counsel appointed in this case is experienced and resourceful and will be able to produce competent and timely mitigation submissions. Accordingly, it is hereby

ORDERED that the April 3, 2026 deadline for the submission of all reasonably available mitigating evidence shall remain unchanged.

Dated:   New York, New York
         December 8, 2025

                                                                      _____
                                                                           DENISE COTE
                                          United States District Judge