UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA

    - v. -

BRAYAN OLIVEROS-CHERO,

        Defendant.

------------------------------------ x

    :
    :
    :    CONSENT PRELIMINARY ORDER
        OF FORFEITURE AS TO SPECIFIC
    :    PROPERTY/
        MONEY JUDGMENT
    :
        S2 25 Cr. 41 (DLC)
    :

WHEREAS, on or about September 16, 2025, BRAYAN OLIVEROS-CHERO (the "Defendant"), among others, was charged in five counts of a twenty-five count Superseding Indictment, S2 25 Cr. 41 (DLC) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846 (Count Two); conspiracy to use, carry, and possess one or more firearms, in violation of Title 18, United States Code, Section 924(o) (Count Nine); firearm use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Ten); and possession of ammunition by an illegal alien, in violation of Title 18, United States Code, Sections 922(g)(5) and 2 (Count Eleven);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of any and all interests the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, an property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the Defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the

offense charged in Count One of the Indictment including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Nine, Ten, and Eleven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in, used in, or intended to be used in the offenses charged in Counts Nine, Ten, and Eleven, including but not limited to a loaded .40 caliber privately made firearm; and extended magazine containing PMC Smith & Wesson .40 caliber ammunition; two loose rounds of PMC Smith & Wesson .40 caliber ammunition; a box of PMC .40 caliber ammunition; a loaded blue and gray Glock Model 19 9mm pistol; and an extended magazine containing various 9mm ammunition;

WHEREAS, on or about December 18, 2025, the Defendant pled guilty to Counts One and Ten of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Ten of the Indictment and agreed to forfeiture to the United States, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment, and with respect to Count Ten, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28 United States Code, Section 2461(c), all title and interest of the Defendant in the following specific property:

    a.   one aqua blue and grey Glock 19, serial number BUPF745;

    b.   15 rounds of 9mm ammunition of various makes described on NYPD Invoice No. 2001400330, Line 4;

c.  31 rounds of 9mm ammunition of various makes described on Invoice No. 2001400330, Line 5;

d.  28 rounds of GFL 9mm ammunition described on NYPD Invoice No. 2001400331, Line 1;

e.  9 rounds of PMC .40-caliber ammunition described on NYPD Invoice No. 2001400348, Line 1;

f.  a grey .40-caliber Polymer80 "ghost gun";

g.  12 rounds of PMC Smith & Wesson .40-caliber ammunition described on NYPD Invoice No. 2001400318, Line 4;

h.  29 rounds of PMC .40-caliber described on NYPD Invoice No. 2001400318, Line 5; and

i.  2 rounds of PMC .40-caliber ammunition described on NYPD Invoice No. 2001400318, Line 6

(a. through i., collectively, the "Firearms and Ammunition"); and

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $252 in United States currency, pursuant to Title 18, United States Code, Section 1963, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant, SANDRO OLIVEROS-CHERO (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant for the offense charged in Count One of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Firearms and Ammunition seized by the Government on or about October 9, 2024, from the Defendant in the vicinity of 3574 DeKalb Avenue, the Bronx, New York (the "Specific Property"), as firearms and ammunition involved in or used in the offense charged in Count Ten of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, Acting United States Attorney, Assistant United States Attorney Timothy Ly, of counsel, and the Defendant and his counsel, Stephen Turano, Esq., that:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $252 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant for the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2.      As a result of the offense charged in Count Ten of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant BRAYAN OLIVEROS-CHERO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific

Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11.     Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____   3-20-26
Kathryn Wheelock                          DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2415


BRAYAN OLIVEROS-CHERO

By: _____   3/20/26
Brayan Oliveros-Chero                     DATE

By: _____   3/20/26
Stephen Turano, Esq.                      DATE
Attorney for Defendant
60 Park Place, Suite 1101
Newark, NJ 07102


SO ORDERED:

_____   March 20, 2026
HONORABLE DENISE L. COTE            DATE
UNITED STATES DISTRICT JUDGE